## E. S. Virgin *v.* Robert N. Dawson.

Where a physician purchased a slave, whom he had examined, some time previous to the purchase, for other parties, and had pronounced diseased, and it was shown that since the purchase he had treated the slave, and had declared that the disease was the same with which he was afflicted before—*Held:* That under such circumstances, where the slave died, the speculative opinions of physicians who had never seen the negro, were insufficient to establish that he died of any other disease, of which the purchaser was ignorant.

APPEAL from the District Court of the Parish of Franklin, *Mayo*, J.
*T. S. Crawford*, for plaintiff. *M. A. Jones*, for defendant and appellant.

Merrick, C. J. This suit has been brought upon a promissory note.

The defence to the action is, that the note was given as the price of a female slave, who was afflicted with a redhibitory disease at the date of the sale, and that said slave died in consequence of said disease. The case was tried by a jury, who found for the plaintiff, and after an unsuccessful motion for a new trial, the defendant has appealed.

In a case of this kind, where the record contains evidence sufficient to maintain the verdict, we feel constrained to give effect to the same, although there may be

other evidence in the record somewhat in conflict with the same; for the jury are selected from the vicinage because of their knowledge of the witnesses, who testify before them.

In this case we find sufficient proof in the record to establish the fact that the negress was diseased at the time of the sale, and that the defendant, who was a physician, was requested by the vendor and some other persons who were in treaty for the slave previous to his own purchase, to examine her to ascertain the state of her health, and he reported her to be diseased. After he purchased her, he treated the slave as a physician, and in some of his conversations he pronounced the disease to be the same which he had reported when he examined her for other parties who were desirous of purchasing her.

Under this state of facts, the jury, (if they believed the witnesses,) very properly concluded that the speculative opinions of physicians who never saw the slave, were insufficient to establish the fact that she died of some other disease of which the defendant was ignorant. C. C. 2497.

This view is decisive of the controversy; for *Phillips*, the transferror, might have recovered upon the note.

Judgment affirmed.